**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| HSBC Bank USA, National Association as Trustee for GSAA Home Equity Trust 2005-3,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>Gary Diaz and/or Occupants 1-5,<br><br>　　　　　　　　　Defendants. | Case No. 2:12-cv-00684 -APG-PAL<br><br>**ORDER REMANDING CASE TO STATE COURT** |

Plaintiff commenced this action by filing a Verified Complaint for Unlawful Detainer in the Justice Court of Las Vegas Township on March 19, 2012. On April 25, 2012, Defendant Gary Diaz removed that action to this Court. Plaintiff has moved to remand the case to state court (Dkt. #20).

**ANALYSIS**

The party seeking removal has the burden to prove that removal is proper. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 298 (4th Cir. 2008). Due to the legislative purpose to "restrict the jurisdiction of federal courts on removal," removal statutes must be "strictly construed." *Duncan v. Stuetzle*, 76 F.3d 1480, 1486 (9th Cir. 1996) (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).

### A. This Court Lacks Federal Question Jurisdiction Over This Matter.

In his Objection to Remand [Dkt. #21], Defendant Diaz apparently attempts to invoke this Court's federal question jurisdiction by vaguely referring to alleged violations of various "federal laws and statutes." *See* Opposition at pp. 1-2. Even if such vague allegations are true, they do not confer jurisdiction upon this Court. District courts must look only to the plaintiff's statement of his or her own cause of action and not to actual or anticipated defenses or counterclaims. *Vaden v. Discover Bank*, 556 U.S. 49 (2009).

> The independent jurisdictional basis Discover relies upon in this case is 28 U.S.C. § 1331, which vests in federal district courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Under the longstanding well-pleaded complaint rule, however, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Federal jurisdiction cannot be predicated on an actual or anticipated defense: "It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of [federal law]." *Ibid.*
>
> Nor can federal jurisdiction rest upon an actual or anticipated counterclaim. We so ruled, emphatically, in *Holmes Group*, 535 U.S. 826, 122 S.Ct. 1889, 153 L.Ed.2d 13. Without dissent, the Court held in *Holmes Group* that a federal counterclaim, even when compulsory, does not establish "arising under" jurisdiction. Adhering assiduously to the well-pleaded complaint rule, the Court observed, *inter alia*, that it would undermine the clarity and simplicity of that rule if federal courts were obliged to consider the contents not only of the complaint but also of responsive pleadings in determining whether a case "arises under" federal law. *Id.*, at 832, 122 S.Ct. 1889. See also *id.*, at 830, 122 S.Ct. 1889 ("[T]he well-pleaded complaint rule, properly understood, [does not] allo[w] a counterclaim to serve as the basis for a district court's 'arising under' jurisdiction."); *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10–11, and n. 9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) ("The well-pleaded complaint rule applies to the original jurisdiction of the district courts as well as to their removal jurisdiction.").

*Id.* at 59-61. Thus, Defendant's allegations of violations of federal statutes must be disregarded in analyzing this Court's federal question jurisdiction on removal.

Plaintiff's Verified Complaint seeks possession of real property located in Clark County, Nevada, which Plaintiff purchased at a foreclosure sale. The claims arise under

state law (specifically NRS § 40.255), not federal law. Therefore, this Court lacks federal question- jurisdiction over this matter.

### B.   This Court Lacks Diversity Jurisdiction Over This Matter.

Defendant also vaguely suggests that this Court may exercise diversity jurisdiction over this matter because Plaintiff "employed persons and entities outside this jurisdictional area." *See* Opposition at p. 1. This argument is likewise unavailing. 28 U.S.C. § 1441(b)(2) states that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Thus, a citizen of Nevada may not remove an action to this federal court sitting in Nevada based solely on diversity of citizenship. *See also Spencer v. U.S. Dist. Court for the N. Dist. of Cal.*, 393 F.3d 867, 870 (9th Cir. 2004) ("This 'forum defendant' rule 'reflects the belief that [federal] diversity jurisdiction is unnecessary because there is less reason to fear state court prejudice against the defendants if one or more of them is from the forum state.'")(quoting Erwin Chemerinsky, *Federal Jurisdiction* § 5.5, at 345 (4th ed.2003)).

Defendant Diaz is a Nevada resident and citizen, occupying the real property located in Clark County, Nevada from which Plaintiff seeks to remove him. Therefore, Defendant's attempt to remove based on diversity of citizenship is barred by 28 U.S.C. § 1441(b)(2).

**CONCLUSION**

For the foregoing reasons, this Court lacks jurisdiction over this matter. Removal was improper.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [Dkt. #20] is **GRANTED**, and this case is remanded to the state court.

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay Proceedings [Dkt. #22] is **DENIED** as moot.

1  The Clerk of Court shall accept no further pleadings in this matter.

2  Dated: May 17, 2013.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE